UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MGT OF AMERICA, INC.,               )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CASE NO.:  4:06-CV-86 SPM/WCS
                                    )
EVERGREEN SOLUTIONS, LLC,           )
a Florida Corporation, JEFF LING,   )
and LINDA RECIO,                    )
                                    )
        Defendants.                 )
_____ )
                                    )
JEFF LING and LINDA RECIO,          )
                                    )
        Counter-Plaintiffs,         )
                                    )
v.                                  )
                                    )
MGT OF AMERICA, INC.,               )
                                    )
        Counter-Defendant.          )
_____ )

**PROTECTIVE ORDER**

The parties hereto having agreed and stipulated to the entry of an order for the protection of confidential information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as evidenced by the signature of their respective counsel which are appended hereto, and the Court having approved such Order:

IT IS HEREBY ORDERED THAT:

1.      For Purposes of this Order, the following terms shall have the following meanings:

9

(a) As used herein, the term "document" means, without limitation, the following items, whether printed or recorded or reproduced by any other electronic, mechanical or computerized process, or written or produced by hand: agreement, communications, state and federal government hearings and reports, transcripts of judicial or administrative proceedings, pleadings, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, minutes, plans, drawings, blueprints, sketches, maps, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, video tape, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and writings and any other items or matters included within the meaning of the term "document" as it is used in the Federal Rules of Civil Procedure.

(b) As used herein, the term "testimony" means the deposition testimony and the transcript of such deposition testimony offered by any person in connection with this proceeding, as well as any copies or reproductions thereof (whether enhanced or not), and any excerpts or summaries thereof.

(c) As used herein, the term "pleadings" means the following items: any briefs, memoranda, discovery and responses thereto, and any other papers, documents and exhibits filed with the Court or served on any party in connection with this proceeding, as well as any copies or reproductions thereof (whether enhanced or not), and any excerpts or summaries thereof.

2. This Order creates two categories of confidentiality. Subject to the terms set forth below, the party which is producing information (a "producing party") which it deems to be confidential shall have the right to select and designate the confidentiality category it deems appropriate. The two categories shall be distinguished by use of different designations. Documents and information within the higher

confidentiality category may be, and hereinafter are, referred to as "Counsel Only Material" and documents within this category shall be visibly marked with the designation '**CONFIDENTIAL - COUNSEL ONLY**" or an equivalent designation. Documents and information within the lower confidentiality category may be, and hereinafter are, referred to as "Confidential Material" and documents within this category shall be visibly marked with the designation "**CONFIDENTIAL**" or an equivalent designation. Documents within either confidentiality category shall also be visibly marked with the identity of the party or attorney making such designation, if the identity of such party is not apparent from the content or nature of the document. Neither the selection nor the designation of a confidentiality category shall in any way constitute a waiver of any objection to otherwise improper discovery in this action, whether such discovery is oral or written.

    3. With respect to each confidentiality category, unless otherwise stated, this Order applies to, and the terms "Counsel Only Material" and "Confidential Material" shall include, the following documents and information: (a) all documents which have been designated by a party as within either such category; (b) all copies, extracts, and complete or partial summaries prepared from such documents; (c) those portions of the testimony of officers, directors, employees, representatives, agents, or expert witnesses of any party, and exhibits thereto, that disclose the content of any such documents, copies, extracts, or summaries, and for which a separate designation of confidentiality is made at the taking of the deposition or pursuant to Paragraph 12 hereof; (d) those portions of pleadings which disclose the content of any such documents or any such portions of testimony; and (e) all information contained in or obtained from any such documents or any such portions of testimony and pleadings (provided however, that the terms of this Order shall not apply to information which, although contained in protected documents, can be shown by any party to have been lawfully obtained by that party from a source other than the documents, testimony and pleadings covered by this

9

Order and which is not otherwise subject to an obligation of confidentiality to the party originally making the designation of confidentiality).

4. Counsel Only Material and Confidential Material shall not be disclosed by the receiving party to anyone other than those permitted by this Order and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by the party originally making the designation or by order of the Court.

5. Except as otherwise permitted by this Order, access to and disclosure of Counsel Only material shall be limited by the receiving party to (a) trial counsel of record for such party, and (b) attorneys, law clerks, paralegals, secretaries and clerical workers employed by, associated with or providing assistance to such trial counsel or the firm with which such trial counsel is associated and working on this litigation.  Trial counsel of record shall have the responsibility, prior to disclosing Confidential Material or Counsel Only Material to any other person permitted access pursuant to this paragraph, to take such steps as are necessary to ensure compliance by such person with the terms of this Order.

6. Subject to the provisions of Paragraph 9 hereof, Counsel Only Material may also be disclosed by a receiving party to each person retained as a trial expert or assistant and designated on Exhibit A annexed hereto.  No party to this action shall be permitted to designate an employee, officer or director as an expert in this proceeding.

7. Subject to the provisions of Paragraph 9 hereof, Confidential Material may be disclosed only to those persons permitted access to Counsel Only material and those persons designated on Exhibit B. annexed hereto.  Permitted disclosures of Counsel Only Material and Confidential Material shall be made only to the extent necessary for the disclosing party's preparation and prosecution of this action.

8. No person receiving documents or information designated as Counsel Only material or Confidential Material pursuant to this Order shall disclose such material (including the information therein) to any other person except as permitted by this Order.

9. Each person listed on Exhibit A annexed hereto or on Exhibit B annexed hereto and to whom disclosure is made of any documents, testimony or pleadings designated as Counsel Only Material or Confidential Material pursuant to this Order shall read this Order and shall agree in writing to be bound by this Order by executing the statement annexed hereto as Exhibit C prior to any such disclosure.

10. The parties may amend Exhibit A or Exhibit B at any time by mutual consent. For purposes of this paragraph, "mutual consent" shall mean that the attorney seeking to disclose Confidential Material or Counsel Only Material to a person to whom such disclosure is not then permitted shall obtain the consent for such disclosure from trial counsel of record for the party which designated such material to be confidential. If a party is unable to obtain the consent of another party with respect to a proposed amendment, such party may seek an order of the Court directing the amendment or the disclosure.

11. When a party produces files and records for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered as marked "**CONFIDENTIAL - COUNSEL ONLY**". Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time the copies are provided to the inspecting party.

12. With respect to depositions of any person, any party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties receiving a transcript which portions of the transcript not already designated

are to be designated as Counsel Only Material or Confidential Material, and the right to make such additional designations shall be waived unless made within the thirty (30) day period.

    13. This Order does not restrict the right of any party which designates documents as Counsel Only material or Confidential Material to disclose or disseminate those documents or the information therein to any person.

    14. With respect to documents within either confidentiality category, any person indicated on the face of the document to be its originator, author, or a recipient of a copy thereof may be shown the same, provided such person is advised that the document is designated as confidential and that the showing of the document does not release such person from any obligation of confidentiality to which such person is then subject.

    15. All protected subject matter which has been designated as Counsel Only Material or confidential Material and any and all reproductions thereof, shall be retained by the receiving party in the custody of trial counsel or other persons listed on Exhibit A. Trial counsel for each party shall also maintain on file the signatures to Exhibit C attached hereto, and shall upon reasonable notice produce such Exhibit and signatures for inspection by trial counsel for another party.

    16. Counsel Only Material or Confidential Material may be used at any deposition or hearing under the following provisions:

    (a) Confidential Material or Counsel Only Material may be disclosed to any person if such access is permitted under the other paragraphs of this Order;

    (b) If not otherwise permitted by this Order, Confidential Material and Counsel Only Material may be disclosed to any witness representing or associated with the party which produced such material.

    (c) If not otherwise permitted by this Order, Confidential Material and Counsel Only Material may be disclosed to any other person at the deposition or hearing if prior authorization is obtained from counsel representing the party which designated the confidentiality of such material or from the Court, <u>otherwise</u>, if a witness is called upon to testify as to Counsel Only Material at a deposition, all persons other than those specified in Paragraph 5 herein shall leave the deposition or hearing and shall not be permitted to read such testimony; and

    (d) Each portion of any deposition or transcript which counsel designates as containing discussion of or information constituting Counsel Only Material or Confidential Material shall each be taken as a separate record and access thereto shall be limited in accordance with the terms of this Order.

    17. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible only confidential portions of filings with the Court shall be filed under seal.  Any materials covered by this Order (either Counsel Only Material or Confidential Material) when filed with the Court shall be filed in a sealed envelope endorsed with the caption of this action and indicating the contents thereof, and bearing the following legend:

> **CONFIDENTIAL:  THE ENCLOSED MATERIAL IS SUBJECT TO A PROTECTIVE ORDER OF THE COURT.  WITHOUT A COURT ORDER, THIS ENVELOPE MAY NOT BE OPENED EXCEPT BY THE COURT AND ITS EMPLOYEES.**

The subsequent inadvertent disclosure of any document, testimony or pleading so labeled and filed shall not operate as a waiver of confidentiality.

    18. Should any party dispute the confidentiality designation of any document, testimony or pleading selected by the producing party, and should counsel be

unable to resolve such dispute, the party disputing the designation may move for a ruling by the Court on the propriety of the designation, setting forth the reasons for disputing the designation.  Such motion should contain a representation that the parties have conferred and were unable to resolve the dispute.  Thereupon the Court shall determine to what extent, if any, the document or documents in question are entitled to protection and no presumption of confidentiality or entitlement to the protection afforded by the terms of this Order shall arise merely because of the existence of this Order or by reason of the fact that a party has designated the document or documents at issue as falling within one of the categories of confidentiality provided for herein.  A dispute as to confidentiality shall not be grounds for delay of or for a refusal to permit discovery, provided, however, that during the pendency of the disputing party's motion, all the documents, testimony or pleadings with respect to which a dispute exists shall be deemed to have the level of confidentiality claimed by the producing party and shall be covered by the appropriate provisions of this Order.  Any document or other material that was initially produced under a claim of confidentiality may be released for disclosure or the level of confidentiality decreased subsequently by notice to that effect from the initially producing party or by order of the Court.

    19.  Upon final termination of this action, including all appeals, all documents, testimony or pleadings within the terms of this Order, including all copies, extracts, and complete or partial summaries thereof, shall be either (a) returned to trial counsel for the party whose confidential material constituted or was included within such documents, testimony or pleadings or (b) destroyed with a written representation of such destruction being made to such counsel.

20. The failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. Neither the entry of this Order nor the production of documents, protected information, and material hereunder shall in any way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

21. Any party knowing or believing that any other party is in violation of or intends to violate this Order may move the Court for an order to show cause seeking to hold that party in contempt of court and seeking such other relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and shall not undertake the further performance of any action alleged in the motion to constitute a violation of this Order.

22. Exhibit A annexed hereto is a list of trial experts and assistants of such experts designated pursuant to Paragraph 6 hereof who shall have access to the documents and information designated as Counsel Only material pursuant to this Order. Exhibit B annexed hereto is a list of the persons designated pursuant to Paragraph 7 hereof who shall have access to the documents and information designated as Confidential Material pursuant to this Order. Exhibit C annexed hereto is a statement to be signed by persons listed on Exhibits A and B in advance of disclosure as provided herein.

23. This Stipulation and Order may be executed in multiple counterparts. All of such executed counterparts shall constitute but one Order. A party

which is not signatory to this Stipulation and Order at the time it is entered may later join into this Stipulation and Order and thereby become subject to the obligations, and entitled to the benefits, of this Order.  A party joining this Stipulation and Order after entry hereof shall evidence its intent to be bound by the terms hereof by the signature of its trial counsel of record on such copies of this Order as any other party may require.

      **IT IS SO ORDERED** this 3d day of July, 2006.

                 *s/ Stephan P. Mickle*
                 Stephan P. Mickle
                 United States District Judge